NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0126n.06

No. 12-1602

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 04, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| RONALD LEE HICKS, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Ronald L. Hicks, who is represented by counsel, appeals a district court order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

In 1993, Hicks pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); using or carrying a different firearm during and in relation to a crime of drug trafficking in violation 18 U.S.C. § 924(c); and carrying on a continuing criminal enterprise in violation of 21 U.S.C. § 848.  Pursuant to a plea agreement, the parties agreed that Hicks would be sentenced to 357 months of imprisonment. In exchange for his guilty pleas, the government agreed to dismiss the remaining nineteen counts against Hicks, which could have resulted in a mandatory sentence of twenty years of imprisonment, plus an additional sixty-five years of imprisonment for various firearm counts.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Hicks was sentenced to 357 months of imprisonment, as provided for in the plea agreement. The sentence included a term of 297 months of imprisonment for carrying on a continuing criminal enterprise, a concurrent term of 120 months of imprisonment for being a felon in possession of a firearm, and a mandatory consecutive term of sixty months of imprisonment for using or carrying a firearm during and in relation to a crime of drug trafficking.

On October 31, 2011, Hicks filed a motion to reduce his sentence under Amendment 750 to the United States Sentencing Guidelines. Hicks argued that he was eligible for relief because the sentence he received on his criminal enterprise conviction was based on both powder cocaine and cocaine base. Alternatively, Hicks argued that he was entitled to relief because his original sentence was based on a Sentencing Guidelines calculation error contained in the plea agreement. The district court denied the motion.

On appeal, Hicks challenges the denial of his motion to reduce his sentence, this time relying on Amendment 706 to the Sentencing Guidelines. He also reasserts his alternative sentencing error argument. Where a district court finds a defendant ineligible for modification of sentence under section 3582(c)(2), we review the decision de novo. *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009).

Section 3582 provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Even where a defendant is sentenced under a binding plea agreement, the defendant may be eligible for a reduced sentence pursuant to section 3582(c)(2) if the record demonstrates that the agreed-upon sentence was derived from a sentencing range applicable to the charged offense. *See Freeman v. United States*, 131 S. Ct. 2685, 2699 (2011) (Sotomayor, J., concurring). While the government raises the issue of whether Hicks's sentence was derived from the Sentencing Guidelines and, thus,

whether Hicks is eligible for a reduction, the government still addresses the merits of Hicks's arguments. We need not reach the issue of whether section 3582(c)(2) is applicable because Amendments 706 and 750 do not reduce Hicks's sentence.

Amendment 706 decreases by two levels the offense level for cocaine base offenses, *see* USSG § 2D1.1 (2007), and has been made retroactive effective March 3, 2008. *See* USSG § 1B1.10(c) (May 1, 2008). Amendment 750 also reduces the offense level for cocaine base offenses, *see* USSG App. C, amend. 750, and has been made retroactive effective November 1, 2011. USSG App. C, amend. 759; *see also United States v. Jackson*, 678 F.3d 442, 443–44 (6th Cir. 2012). No reduction is appropriate, however, where the amendment in question does not have the effect of lowering a defendant's applicable Sentencing Guidelines range. *See* USSG § 1B1.10(a)(2)(B).

In this case, the retroactive application of Amendments 706 and 750 would not lower Hicks's sentencing range. Section 2D1.5(a) of the Sentencing Guidelines provides that the base offense level for a criminal enterprise conviction is the greater of thirty-eight, or the underlying offense level, plus four. At the time of his sentencing, the presentence report calculated Hicks's offense level as thirty-four. Hicks argues on appeal that Amendment 706 reduces his offense level to thirty. Even if Amendments 706 and 750 would lower Hicks's underlying offense level, his base offense level for his criminal enterprise conviction remains thirty-eight. This is because section 2D1.5(a) directs a district court to choose the greater of his new offense level, plus four, or thirty-eight. Because Amendments 706 and 750 would not lower Hicks's Sentencing Guidelines range, he is not entitled to section 3582(c)(2) relief.

Hicks's alternative sentencing argument is not cognizable under section 3582(c)(2) because it does not involve a sentencing range that has been lowered by the retroactive application of an amendment to the Sentencing Guidelines. *See Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010).

The district court's order is affirmed.