**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0411n.06

No. 12-5426

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Apr 25, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| DAVID SHANNON SCOTT, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  COLE and COOK, Circuit Judges; KATZ, District Judge.[*]

PER CURIAM.  David Shannon Scott appeals the district court's order denying his petition for relief under 18 U.S.C. § 3582(c)(2).  As set forth below, we affirm.

In 2007, Scott pleaded guilty to distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  At sentencing, the district court found that Scott qualified as a career offender and calculated his guideline range under the career offender guideline, USSG § 4B1.1, as 262 to 327 months of imprisonment.  The district court varied downward from that range pursuant to 18 U.S.C. § 3553(a) and sentenced Scott to 144 months of imprisonment.  In granting a downward variance, the district court noted that one of Scott's predicate offenses for career offender status involved mitigating factors, that he came from a troubled background with no father and a drug-

---

[*]The Honorable David A. Katz, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

addicted mother, that he began using drugs and alcohol at a young age, that his criminal history points resulted from offenses committed between the ages of nineteen and twenty-one years old, that he had attempted to obtain an education, and that he was an active father. The district court did not mention Scott's guideline range under USSG § 2D1.1, the guideline for drug offenses, or the sentencing disparity between cocaine and cocaine base.

Scott subsequently filed a petition for relief under § 3582(c)(2), seeking resentencing based on subsequent amendments to the guidelines for crack cocaine offenses. In addressing the petition, the district court noted that it granted a "significant downward variance" from the career offender range and sentenced Scott to 144 months of imprisonment: "144 months is within the guideline range for this defendant, had he not been a career offender. Therefore, it seems clear that the defendant's sentence was 'based upon' the cocaine base guideline, rather than the career offender guideline." (R. 69, Page ID # 412 (footnote omitted)). The district court, however, concluded that it was bound by this court's holding in *United States v. Pembrook*, 609 F.3d 381, 383-84 (6th Cir. 2010), that a defendant is eligible for a sentence reduction under § 3582(c)(2) only if a guideline amendment lowers the defendant's "applicable guideline range" and that the "applicable guideline range" is the defendant's pre-departure guideline range. Because the relevant amendments did not affect Scott's career offender range — the applicable guideline range — the district court held that he was not entitled to a sentence reduction and denied relief. This appeal followed.

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). Pursuant to § 3582(c)(2), the district court may reduce a defendant's sentence if: (1) the defendant's sentence was "based on a sentencing range that

has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012). We review de novo a district court's determination that a defendant is ineligible for a sentence reduction under § 3582(c)(2). *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010).

The Sentencing Commission's policy statement addressing sentence reductions under § 3582(c)(2) provides that a reduction is not authorized if the guideline amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). In *Pembrook*, we held that "a defendant's applicable guideline range for the purposes of U.S.S.G. § 1B1.10 is the range that applies before the sentencing court grants any discretionary departures." 609 F.3d at 387. Here, Scott's applicable guideline range was the pre-variance career offender range, which was not lowered by any subsequent amendments.

Scott contends that he is eligible for a sentence reduction in light of this court's decision in *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012). The *Jackson* majority stated that, "[i]f a sentencing judge, having found a defendant to be a career offender, then decides to sentence defendant below the range for career offenders and notes his policy disagreement with the crack cocaine guidelines, ordinary review would say that the sentence was as much 'based on' the crack cocaine guidelines as the career offender guidelines." *Id*. at 445. Scott argues that the district court sentenced him "based on" the cocaine base guideline range. "In determining whether a sentence was 'based on' a subsequently lowered guideline range . . . , we look to what the district court actually said and did at the original sentencing." *United States v. Hameed*, 614 F.3d 259, 264 (6th Cir. 2010)

(citations and internal quotations omitted). Nothing in the original sentencing record suggests that the district court based Scott's sentence on the cocaine base guideline range. The district court did not mention that range or any policy disagreement with the cocaine base guideline.

Moreover, the *Jackson* decision does not alter our prior decision in *Pembrook*. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009). The majority in *Jackson*, which was a direct appeal and not a § 3582(c)(2) proceeding, did not address *Pembrook* or the "applicable guideline range" under USSG § 1B1.10.

The Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011), does not help Scott. In *Freeman*, the Supreme Court addressed whether a defendant who enters into a Rule 11(c)(1)(C) plea agreement for a particular sentence is eligible for relief under § 3582(c)(2). According to Justice Sotomayor's narrower and therefore controlling opinion, "if a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment). Scott did not enter into a plea agreement. In any event, the district court did not "expressly use" the cocaine base guideline range to establish Scott's sentence. The narrow holding of *Freeman* does not require modification of our decision in *Pembrook*. *See Rutherford*, 575 F.3d at 619.

For the foregoing reasons, we affirm the district court's order denying Scott's petition for relief under § 3582(c)(2).