**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0908n.06

**No. 13-5223**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JOSEPH SCOTLAND SMITH, aka Tiny, | ) | DISTRICT OF KENTUCKY |
| aka Joseph Smith, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: DAUGHTREY, COOK, and WHITE, Circuit Judges.

PER CURIAM. Joseph Scotland Smith, a federal prisoner represented by counsel, appeals a district-court order denying his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. We AFFIRM.

In 2011, Smith pleaded guilty to a charge of conspiring to distribute more than fifty grams of cocaine base. As a career offender, he faced a Guidelines sentencing range of 262 to 327 months' imprisonment, applying the Guidelines calculations under the recently enacted Fair Sentencing Act (FSA). Smith's Rule 11(c)(1)(C) plea agreement called for application of a three-level reduction in the Guidelines calculation for acceptance of responsibility, and an agreed-upon ten year sentence. The district court accepted the plea agreement and sentenced Smith to 120 months' imprisonment, noting that if the FSA provisions changing the statutory mandatory minimum and maximum sentences for crack cocaine applied to crimes committed before its enactment, Smith's Guidelines

range would be 188 to 235 months. Although the FSA's new mandatory minimum did in fact apply, the court and the attorneys proceeded under the assumption that the ten-year, rather than the new five-year, mandatory minimum sentence controlled.

Smith subsequently filed a motion for reduction of sentence under § 3582(c)(2), which allows a district court to modify a defendant's sentence when it is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The district court denied the motion, explaining that no Guidelines amendment lowered his sentencing range and that the FSA's new statutory minimum does not confer § 3582(c)(2) jurisdiction. Moreover, the district court concluded that "the sentence remains sufficient but not greater than necessary to satisfy the purpose of sentencing."

On appeal, Smith argues that his sentence was based on the crack cocaine guidelines and that he is eligible for a sentence reduction under *Freeman v. United States*, 131 S. Ct. 2685 (2011), and *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012).

Generally, we review for an abuse of discretion a district court's ruling on a § 3582(c)(2) motion for modification of a sentence, but where the court "does not simply decline to use its authority under § 3582(c)(2) but instead rules that it has no authority to reduce the defendant's sentence under the statute, the district court's conclusion that the defendant is ineligible for a sentence reduction is a question of law that is reviewed de novo." *United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009).

We need not determine whether the district court correctly determined that it lacked authority to resentence under § 3582(c)(2) because its ultimate conclusion is clear: Although the court did not consider the FSA's lower mandatory minimum of five years when determining Smith's sentence,

it continued to be of the view that the original agreed-upon sentence of 120 months is sufficient but not greater than necessary to satisfy the purpose of sentencing. Thus, further discussion of the district court's authority to resentence under § 3582(c)(2) is unnecessary. Accordingly, we AFFIRM the district court's order denying the motion to reduce sentence.