NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0088n.06

No. 14-1741

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jan 28, 2015*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| ERNEST HAYES, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GIBBONS, SUTTON, and McKEAGUE, Circuit Judges.

PER CURIAM. Ernest Hayes, a federal prisoner, appeals through counsel a district court order denying his motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).

In 2008, Hayes entered a guilty plea to a charge of maintaining a drug establishment. He agreed to a guidelines range of 151 to 188 months. R. 111 at 2. That range resulted from his status as a career offender (category VI) at a total offense level of 29. *Id.* at 12; *see* U.S.S.G. ch. 5, pt. A (Sentencing Table). Absent the career offender provision, his guidelines range would have been 57 to 71 months based on criminal history category III. *See* U.S.S.G. ch. 5, pt. A.

At the sentencing hearing, counsel for Hayes argued that the career offender provision greatly overstated the criminal history Hayes had accumulated, and urged the court to sentence within the lower guidelines range. The court rejected that argument. R. 189 at 11. Counsel for the government moved for a small reduction based on the cooperation Hayes had provided in

prosecuting a co-defendant. The district court noted the cooperation provided by Hayes, as well as his problem with drug addiction and his apparent remorse, in varying downward to impose a sentence of 120 months.

In this motion, Hayes argued that Amendment 750 to the Guidelines would reduce the non-career offender range in his case to 46 to 57 months. He relied on *United States v. Jackson*, 678 F.3d 442, 444-45 (6th Cir. 2012), as authority for granting the motion, arguing that his sentence was based on the non-career offender range. The district court disagreed, finding that *Jackson* was distinguishable, and denied the motion. Hayes reasserts his argument on appeal.

We review de novo a determination that a sentence was not based on a sentencing range that has been lowered by the Sentencing Commission. *Id.* at 444. In *Jackson*, the district court stated that it was varying downward based on the disparity between crack and powder cocaine sentences. *Id.* at 445. We look at what the district court said at sentencing in reviewing whether a sentence was based on a subsequently lowered guidelines range. *United States v. Thompson*, 714 F.3d 946, 950 (6th Cir. 2013). In this case, the court said that it was accepting the 151-to-181-month guideline range from the plea agreement. R. 189 at 11. That guideline range was based on the career offender guidelines, not the crack guidelines. R. 111 at 2, 12; *see* U.S.S.G. ch. 5, pt. A (imposing a 151-to-188-month range for level 29 at criminal history category VI). While counsel for the defendant briefly mentioned the disparity in cocaine sentences, the district court did not reference that argument in imposing the sentence or in varying downward. The reliance on *Jackson* is therefore misplaced. Instead, as in *Thompson*, the district court here did not base the sentence on the drug quantity guidelines range, because it was trumped by the career offender range. Moreover, even if the sentence had been based in part on the drug quantity range, a reduction in sentence would not be authorized because Amendment 750 did not lower

the applicable career offender range.  *See United States v. Webb*, 760 F.3d 513, 521 (6th Cir.

2014).

Accordingly, we affirm the district court's order denying the defendant's motion to

reduce his sentence.