NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0250n.06

No. 14-5972

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Apr 07, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| EFREM RAHOMAN DOUGLAS, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     SUHRHEINRICH, CLAY, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. The defendant, Efrem Rahoman Douglas, appeals the district court's denial of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), based on Amendments 706 and 750 to the United States Sentencing Guidelines. On June 20, 2005, Douglas pled guilty to possessing with intent to distribute "fifty grams or more of a mixture and substance containing a detectable amount of cocaine base," in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Douglas to 300 months' imprisonment, a term near the middle of the advisory guidelines range applicable to Douglas as a career offender, and which had been stipulated to by both parties in his Federal Rule of Criminal Procedure, Rule 11(c)(1)(C) plea agreement. Douglas later filed motions for reduction of sentence under 18 U.S.C. § 3582(c)(2), based on amendments to the crack cocaine sentencing guidelines that retroactively lowered the base offense level for Douglas's drug offense. The district court denied Douglas's motions,

finding him ineligible for a sentence reduction because the changes to the crack cocaine sentencing guidelines did not lower his initial guidelines range—a range that had been based on his status as a career offender. Douglas appeals. Because Douglas's sentence was based on his Rule 11(c)(1)(C) plea agreement and his status as a career offender, rather than the U.S.S.G. § 2D1.1 crack-cocaine guidelines, the judgment of the district court must be upheld.

On June 20, 2005, Efrem Rahoman Douglas pled guilty to possessing with intent to distribute "fifty grams or more of a mixture and substance containing a detectable amount of cocaine base," in violation of 21 U.S.C. § 841(a)(1). Pursuant to the Rule 11(c)(1)(C) plea agreement, the parties stipulated to a term of 300 months' imprisonment, a length of incarceration near the middle of the advisory guideline range applicable to Douglas as a career offender. In the same agreement, the parties acknowledged that "the statutory penalty provision of 21 U.S.C. § 841(b)(1)(A), of a minimum of twenty years imprisonment up to life[,] . . . applies in this case." This 240-month mandatory minimum reflected the government's decision—at defense counsel's request—not to submit an enhancement under 21 U.S.C. § 851 for Douglas's second qualifying prior conviction, an enhancement that would have resulted in a mandatory life sentence. The district court accepted Douglas's guilty plea, but reserved until sentencing the decision of whether or not to accept the Rule 11(c)(1)(C) agreement.

Douglas's presentence investigation report established an advisory guidelines range of 262 to 327 months' imprisonment, based on his total offense level of 34 and criminal history category of VI. This final offense level was in turn based—independently of the guidelines range applicable to the immediate drug offense—on his status as a career offender. The report correctly indicated that though Douglas was responsible for 62 grams of cocaine base, which would ordinarily result in a base offense level of 32, his status as a career offender due to his two

prior felony convictions for controlled substance offenses independently required a base offense level of 37.[1]  The probation officer applied a three-level reduction for acceptance of responsibility to yield the total offense level of 34.  Douglas's status as a career offender similarly automatically increased his criminal history category from V to VI.  U.S.S.G. § 4B1.1(b).  Finally, the report indicated that the sentence stipulated to by the parties fell within the advisory range, and noted that "the defendant would have been subject to a mandatory life sentence based on his two prior felony convictions for controlled substance offenses" had the government not "filed an amended notice of enhancement which established a minimum mandatory term of imprisonment of 20 years."

On September 19, 2005, at Douglas's sentencing hearing, the district court expressed concern regarding potential sentencing disparities between Douglas—who had received a favorable plea agreement in light of the government's decision to forgo a 21 U.S.C. § 851 prior conviction enhancement—and similarly situated defendants, who may not be so fortunate. Nevertheless, after briefly mentioning Douglas's guidelines range[2] and finding the proposed incarceration term reasonable in light of the 18 U.S.C. § 3553(a)(2)(A) factors, the district court accepted Douglas's Rule 11(c)(1)(C) agreement and accordingly sentenced Douglas to 300 months' imprisonment.  The district court made no mention of crack cocaine sentencing disparities at the hearing.

---

[1] "Career offender status" specifies an offense level of 37 for offenses (like Douglas's) carrying a statutory maximum of life (unless the applicable offense level exceeds 37).  *See* U.S.S.G. § 4B1.1(b).

[2] During Douglas's sentencing hearing, the district judge made only two brief references to Douglas's advisory guidelines range.  First, the district judge noted that there had been "no objections filed as to the guideline calculations," which the presentence report established as 262 to 327 months.  Second, the district judge explained that in finding Douglas's stipulated sentence reasonable, he had "considered the advisory guideline range of 262 to 327 months."

After passage of Amendments 706 and 750 to the Sentencing Guidelines, amendments that retroactively lowered the base offense levels for most offenses involving crack cocaine, Douglas filed several 18 U.S.C. § 3582(c)(2) motions for modification or reduction of sentence. Douglas alleged that "to the extent . . . the Court was advised of the U.S.S.G. § 2D1.1 [crack cocaine] guideline range, [Douglas's] sentence was at least in part 'based on' the guideline's range that resulted from the amount of crack he possessed," entitling him to a sentence modification as a result of the change in the crack cocaine sentencing guidelines. The district court denied his motions, finding Douglas ineligible for a sentence reduction because "changes to the Sentencing Guidelines did not affect" his sentencing guidelines range—a range based on his status as a career offender, rather than his possession of a certain quantity of crack cocaine. Douglas now appeals, alleging that because his sentence was based, in part, on the later amended crack cocaine sentencing provisions, the district court erred in finding that he could not seek a sentence modification under 18 U.S.C. § 3582(c)(2).

Douglas is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because Douglas's sentence was "based on" his Rule 11(c)(1)(C) agreement—which does not refer to a sentencing guidelines range—rather than a later amended crack cocaine sentencing range. To be eligible for a sentence reduction, the defendant must have been "sentenced to a term of imprisonment *based on a sentencing range that has been lowered by the [Sentencing] Commission* pursuant to 28 U.S.C. § 994(o)." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (emphasis added); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B). "[T]he term of imprisonment imposed by a district court pursuant to an agreement authorized by Federal Rule of Criminal Procedure 11(c)(1)(C) . . . is 'based on' the agreement itself, not on the judge's calculation of the Sentencing Guidelines." *Freeman v. United States*, 131 S. Ct. 2685, 2695

(2011) (Sotomayor, J., concurring). Douglas's Rule 11(c)(1)(C) agreement neither expressly used an advisory sentencing range to establish the 300-month term of imprisonment, nor explicitly referred to the crack cocaine sentencing provisions; consequently, Douglas's sentence was based solely on the stipulated term of incarceration, not on any crack cocaine sentencing guideline range. A defendant's sentence—for purposes of 18 U.S.C. § 3582(c)(2)—is "'based on' a guideline range *only when* that guideline range is explicitly referenced in a plea agreement and expressly relied upon to determine a defendant's sentence." *United States v. Riley*, 726 F.3d 756, 760 (6th Cir. 2013) (emphasis added). Because neither Amendment 706 nor 750 would "have the effect of lowering the defendant's" stipulated term of incarceration, Douglas is not eligible for an 18 U.S.C. § 3582(c)(2) sentence modification.

Further, assuming arguendo that the district court's brief references to the advisory guidelines range calculated in the presentence report indicate that Douglas's sentence was "based on" the 262 to 327 month range as opposed to the Rule 11(c)(1)(C) agreement, Douglas would still be ineligible for a sentence modification under 18 U.S.C. § 3582(c)(2) because his range was based on the career offender guideline, U.S.S.G. § 4B1.1, rather than on the later amended (and lowered) crack cocaine guideline, U.S.S.G. § 2D1.1. We have repeatedly held that "[a]lthough Amendment 750 is retroactive, it cannot benefit [a defendant whose] sentence was derived from his status as a career offender, rather than from the quantity of drugs for which he was held responsible[,] . . . because that amendment did not lower the career offender sentencing guidelines range." *Riley*, 726 F.3d at 759 (quotation marks and citation omitted); *see also United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013); *United States v. Perdue*, 572 F.3d 288, 292–93 (6th Cir. 2009).

Douglas correctly asserts that the presentence report calculated an initial base offense level of 32 based on drug quantity. However, Douglas's status as a career offender under U.S.S.G. § 4B1.1(b) ultimately determined his sentencing range. Because Douglas's offense level as a career offender (37) was greater than his base offense level determined by drug quantity (32), the career offender guideline—not the later-amended crack cocaine guideline— controlled. "[I]f the offense level for a career offender from the table in [§ 4B1.1(b)] is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." U.S.S.G. § 4B1.1(b). Further, as a career offender, Douglas's criminal history category was necessarily VI, irrespective of the drug quantity. "A career offender's criminal history category *in every case* under this subsection shall be Category VI." U.S.S.G. § 4B1.1(b) (emphasis added). Had Amendments 706 or 750 existed at the time of his original sentence, therefore, Douglas would have been subjected to the same sentencing range.

Because the only sentencing guidelines range discussed by the district court was one based on Douglas's status as a career offender, and the court ultimately accepted a stipulated sentence that fell within that range, the case relied on by Douglas—*United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012)—to show that designation as a career offender does not automatically preclude resentencing under § 3582(c)(2), is easily distinguished. In *Jackson*, the defendant pled guilty to one count of intent to distribute more than five grams of cocaine base. *Id.* at 443. The presentence report calculated a sentencing range of 188 to 235 months based on Jackson's status as a career offender. *Id.* After delaying sentencing in anticipation that Congress would pass legislation reducing the penalties associated with the crack cocaine laws, the district court ultimately chose not to apply the "career offender" guideline sentence, sentencing him instead to 150 months, a range within the "old advisory guideline range for crack cocaine

violations that would have otherwise applied . . . if he were not a career offender." *Id.* In remanding to the district court for resentencing following the passage of the Fair Sentencing Act a mere three weeks after the defendant's sentencing, we explained,

> If a sentencing judge, having found a defendant to be a career offender, then decides to sentence defendant below the range for career offenders and notes his policy disagreement with the crack cocaine guidelines, ordinary review would say that the sentence was as much 'based on' the crack cocaine guidelines as the career offender guidelines.

*Id.* at 445. Unlike the district court in *Jackson*, however, the district court here accepted a sentence within the career offender guideline range. Further, the district court did not discuss— let alone express a policy disagreement with—the crack cocaine guidelines when sentencing Douglas. In fact, instead of expressing concern that Douglas's sentence, as a result of the crack cocaine laws, would be too harsh, the district court appeared concerned that Douglas's sentence might be too lenient, thus creating sentencing disparities between similarly situated defendants. The district court, for instance, repeatedly noted the substantial benefit Douglas had received as a result of the U.S. Attorney's decision not to file a second prior conviction enhancement: reduction of the mandatory minimum sentence from life imprisonment to twenty years. Because, unlike in *Jackson*, no record evidence supports a finding that Douglas's sentence was "based on" the crack cocaine sentencing guidelines, Douglas is not eligible for resentencing under § 3582(c)(2).

Finally, Douglas's contention that he was not sentenced "based on" his classification as a career offender because he never "agreed" to be classified as a career offender is not persuasive because the record clearly indicates that Douglas was aware of—and did not object to—such classification at the time of sentencing. The presentence investigation report calculated his sentencing guidelines range based on his status as a "career offender within the meaning of USSG § 4B1.1." Douglas, in his sentencing memorandum, agreed that the report accurately reflected his

"applicable advisory range," and at his sentencing hearing, stated that he had had an opportunity to review the report with his counsel. In addition, Douglas's counsel, in a letter to the U.S. Attorney requesting the withdrawal of one of the prior conviction enhancements under 21 U.S.C. § 851, explicitly stated that "[t]he advisory Sentencing Guidelines likely will result in a recommended *career offender classification* providing a 262 to 327 month . . . incarceration range." (Emphasis added.)

The judgment of the district court is affirmed.