*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0127p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

          *Plaintiff-Appellee*,

    *v.*

KEITH THOMPSON, JR.,

          *Defendant-Appellant.*

No. 12-4118

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:05-cr-00598-1—Donald C. Nugent, District Judge.

Decided and Filed: May 6, 2013

Before: BATCHELDER, Chief Judge; GUY and BOGGS, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Melissa M. Salinas, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Toledo, Ohio, for Appellant. Linda H. Barr, UNITED STATES ATTORNEY'S OFFICE, Akron, Ohio, for Appellee.

_____

## OPINION

_____

RALPH B. GUY, JR. Circuit Judge. In January 2012, Thompson filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendments 706 and 750 of the United States Sentencing Guidelines. The district court denied the motion and Thompson appealed. On appeal, we remanded the case to "allow the district court to consider whether our recent decision in *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012), ha[d] any impact on Thompson's case." The district court concluded it did not. We agree and affirm.

1

**I.**

On April 11, 2006, pursuant to a non-binding plea agreement, Thompson pleaded guilty to three counts of possessing crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). In exchange, the government dismissed the two remaining counts against Thompson and agreed that it would not oppose Thompson's request for a "downward departure or variance [that] would result in a sentence of not less than 120 months." The district court sentenced Thompson to 120 months of imprisonment with three years of supervised release.

The sentencing transcript reflects the following: Thompson would have had a base offense level of 24 under U.S.S.G. § 2D1.1 (the "crack cocaine guidelines"). However, because he was deemed a career offender, Thompson's actual base offense level was 32 under U.S.S.G. § 4B1.1 (the "career offender guidelines"). The judge granted a downward departure to 29 to reflect Thompson's acceptance of responsibility. The court found that the guidelines sentencing range was 151-188 months because Thompson's criminal history category was VI. After considering the factors contained in 18 U.S.C. § 3553(a), the judge ultimately sentenced Thompson to 120 months of imprisonment. Such sentence was the same sentence contemplated by the plea agreement.

On remand, the district court read *Jackson* to mean that a defendant may be eligible for a sentence reduction, pursuant to § 3582(c)(2), "when the crack cocaine guidelines were 'a relevant part of the analytic framework' used when determining the original sentence, and/or when the sentence was based, even in part, on the crack cocaine sentencing guidelines." The district court determined that the crack cocaine guidelines were not relevant to Thompson's sentence calculation. Rather, Thompson's sentence was based on his status as a career offender so there was no basis to grant his § 3582(c)(2) motion.[1] The court also noted that it considered Thompson "to be a risk

---

[1]The district court noted:

> Neither the career offender guidelines, which were used to calculate Mr. [Thompson's] base offense level and applicable sentencing range, nor any suggested or agreed sentence within the plea

to the community and would not exercise its discretion to lower his sentence even if a reduction were allowable under the new sentencing guidelines."

Thompson argues on appeal that he was eligible for a reduced sentence under § 3582(c)(2) because the crack cocaine guidelines informed both the sentencing range contemplated by the plea agreement and the ultimate sentence that the district court imposed.  Thompson also argues that, assuming he is eligible for a sentence reduction, the district court erred in failing to examine the 18 U.S.C. § 3553(a) factors as required by 18 U.S.C. § 3582(c)(2).

## II.

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."  *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010) (citations omitted).  One such statutory exception is found in 18 U.S.C. § 3582(c)(2), which allows the court to reduce a prison sentence of a defendant:

> who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.*

As the Supreme Court has noted, this section provides a two-step inquiry. *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).  The court must first determine that the defendant is eligible for a reduction in his sentence.  *Id.*  To be eligible, two conditions must be fulfilled:

---

agreement was affected by subsection (c) or by the guideline amendments set forth in the Fair Sentencing Act.  Therefore, neither Mr. [Thompson's] applicable guideline range, nor his actual sentence was affected by the changes to the crack cocaine guidelines and he is not eligible for reduction under the Fair Sentencing Act.

(1) the defendant was sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Commission pursuant to 28 U.S.C. § 994(o); and [2] the reduction is consistent with the Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2). The applicable policy statements provide, in part, that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

*United States v. Williams*, __ F. App'x __, No. 12-3353, 2013 WL 331579, at *2 - 3 (6th Cir. Jan. 30, 2013) (second alteration in original). The court may then "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 130 S. Ct. at 2691.

If a district court "concludes that it lacks the authority to reduce a defendant's sentence under the statute, the district court's determination that the defendant is ineligible for a sentence reduction is a question of law that is reviewed *de novo*." *Curry*, 606 F.3d at 327. "[T]he district court's decision to modify a sentence under § 3582(c)(2) is discretionary and, as such, is reviewed by this Court for abuse of discretion." *Id.* (citation omitted).

Thompson argues that two recent decisions—*Freeman v. United States*, 131 S. Ct. 2685 (2011), and *United States v. Jackson*, 678 F.3d 442 (6th Cir. 2012)—compel this court to hold that his sentence is eligible for reduction because his sentence was "based on" the crack cocaine guidelines. These cases are inapposite.

At issue in *Freeman* was whether the defendant's sentence, which was entered pursuant to a binding Rule 11(c)(1)(C) plea agreement, satisfied § 3582(c)(2)'s requirement that the sentence be "based on" the guidelines range. Because *Freeman* was a plurality decision, we recognize that Justice Sotomayor's concurrence constitutes the applicable holding, as it is the narrowest grounds for the decision. *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011). That concurrence held that, "when a [Rule 11(c)(1)](C) agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the

defendant is eligible for sentence reduction under § 3582(c)(2)." *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring).

*Freeman* was concerned with whether the sentencing range contemplated by a ***binding*** plea agreement was "based on" the guidelines. However, "in the normal course[,] the district judge's calculation of the Guidelines range applicable to the charged offenses will serve as the basis for the term of imprisonment imposed." *Id.* at 2695. Certainly, the district court based Thompson's sentence on some part of the guidelines; the issue (which *Freeman* does not address) is whether such sentence was based on *the crack cocaine guidelines* and whether Amendment 750 would have the effect of lowering his applicable guideline range. *See* 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(2)(B). *Freeman* is of little relevance.

Thompson also relies on *United States v. Jackson* for his argument that he is eligible for a sentence reduction under § 3582(c)(2). Like Thompson, the *Jackson* defendant pleaded guilty to intending to distribute crack cocaine. And, also like Thompson, Jackson qualified as a career offender, which meant his sentencing range was based on the career offender guidelines. *Jackson* is distinguishable because, at sentencing, the district court granted Jackson a downward variance specifically because of the "'untenable' disparity in the crack versus powder cocaine sentences." 678 F.3d at 444. There is no evidence that either the crack cocaine guidelines or the crack/powder disparity, generally, played a role in Thompson's sentencing.[2] As a result, *Jackson* does not control. *See also United States v. Tillman*, No. 12-1557, 2013 WL 150112, at *2 (6th Cir. Jan. 15, 2013) (unpublished decision); *United States v. Williams*, No. 12-3353, 2013 WL 331579, at *4 (6th Cir. Jan. 30, 2013) (unpublished decision) (both distinguishing *Jackson* on similar grounds).

Thompson also argues that the 120-month sentence contemplated by the plea agreement and imposed by the district court was established by splitting the difference between the crack cocaine guidelines in § 2D1.1 and the career offender guidelines in

---

[2]We also note that Jackson never filed a motion pursuant to § 3582(c)(2) and, as a result, the *Jackson* court did not inquire into that section's various eligibility requirements.

§ 4B1.1. Specifically, Thompson argues that, "while the basis for the 120-month sentence was not stated explicitly, the relevant calculations indicate that the sentence imposed was a compromise between the career offender and crack guidelines."

We are unable to draw the inference that Thompson suggests. As Justice Sotomayor stated in her *Freeman* concurrence, "[t]o ask whether a particular term of imprisonment is 'based on' a Guidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment." 131 S. Ct. at 2695. The court will consider "what the district court actually said and did at the original sentencing" to determine the basis for sentencing. *United States v. Hameed*, 614 F.3d 259, 264 (6th Cir. 2010) (internal quotation marks and citation omitted).

There is nothing in Thompson's sentencing transcript that indicates that the crack cocaine guidelines were used to establish the 120-month term. Rather, the district court's downward variance was done pursuant to the factors listed in 18 U.S.C. § 3553(a), none of which related to the crack/powder disparity. The fact that the district court acknowledged that the sentence contemplated by the plea agreement was "sufficient and not greater than necessary to comport with the statutory purposes of punishment, deterrence and safety to the community" is insufficient, standing alone, to infer that the court's sentence was "based on" the crack cocaine guidelines. *Id.*

As the district court held, because Thompson was sentenced pursuant to U.S.S.G. § 4B1.1 (as a career offender), "neither Mr. [Thompson's] applicable guideline range, nor his actual sentence was affected by the changes to the crack cocaine guidelines and he is not eligible for reduction under the Fair Sentencing Act." We agree.[3] Because the amendment in question has no effect on the ultimate sentencing range imposed on Thompson under the career offender guidelines, the district court did not err in declining to grant his § 3582(c)(2) motion. *See United States v. Perdue*, 572 F.3d 288, 293 (6th Cir. 2009). Furthermore, the district court's original calculation of Thompson's

---

[3]*United States v. Tillman* is in accord with this determination. 2013 WL 150112, at *2 (holding that "[a] defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range").

sentencing range under the crack cocaine guidelines does not change the outcome. Thompson's status as a career offender essentially trumped the range established under the crack cocaine guidelines.  As a result, Thompson's sentence was not "based on" the crack cocaine guidelines.  *See Hameed*, 614 F.3d at 262 (citing *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009)).

**AFFIRMED**.