NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0685n.06

No. 12-4525

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 25, 2013
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff – Appellee,  )
                               )
v.                             )  ON APPEAL FROM THE UNITED
                               )  STATES DISTRICT COURT FOR THE
                               )  NORTHERN DISTRICT OF OHIO
AUNDRA COATS,                  )
                               )       OPINION
        Defendant – Appellant. )
                               )

Before:  GILMAN, GRIFFIN, and STRANCH, Circuit Judges.

**JANE B. STRANCH**, Circuit Judge.  After Congress and the United States Sentencing Commission made significant changes to crack cocaine sentencing laws and guidelines, Aundra Coats filed a motion under 18 U.S.C. § 3582(c)(2) seeking a reduction of his 240-month prison sentence.  The district court decided that Coats is not eligible for a sentence reduction and denied the motion.  Our case law compels us to AFFIRM.

## I.  FACTS AND PROCEDURAL HISTORY

In 2004, Coats pled guilty under a plea agreement to distribution of more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  Under USSG § 2D1.1(c)(4) (Nov. 2003), the base offense level assigned to a drug quantity of at least 50 grams but less than 150 grams of crack was 32.  Coats received a three-level reduction for acceptance of responsibility.  With a total adjusted offense level of 29 and a criminal history category of III, the

applicable guideline range was 108 to 135 months of imprisonment. But the district court did not sentence Coats within this guideline range because a statutory mandatory minimum sentence effectively trumped the high end of the range.

This came about because the government filed a sentencing enhancement information under 21 U.S.C. § 851, alleging that Coats had been convicted previously of a felony drug offense. The effect was to increase the statutory mandatory minimum penalty for distributing 50 grams or more of crack from ten years to twenty years under 21 U.S.C. § 841(b). In the plea agreement, Coats admitted his prior felony drug conviction and acknowledged that he faced a sentence of twenty years to life imprisonment. Because the statutory minimum sentence of 240 months was higher than the top of the applicable guideline range, the statutory minimum sentence became the guideline sentence. USSG § 5G1.1(b) (Nov. 2003). On June 21, 2005, the district court imposed a sentence of 240 months in prison, to be followed by ten years of supervised release.

On August 3, 2010, the Fair Sentencing Act (FSA) took effect. Pub.L. No. 11-220, 124 Stat. 2372 (2010). The FSA amended federal drug statutes to increase the quantities of cocaine base necessary to trigger mandatory minimum sentences. If sentenced under today's version of 21 U.S.C. § 841 with a § 851 sentence enhancement for a prior felony drug conviction, Coats would face a statutory minimum sentence of 120 months for distributing 50 grams or more of crack. This mandatory minimum would control despite recent guideline amendments realigning the base offense levels of USSG § 2D1.1(c) to conform to the revised statutory penalties in the FSA. USSG App. C, Amends. 750, 759. Under these guideline amendments, the base offense level for at least 50 grams of cocaine base is now 26. USSG § 2D1.1(c)(7). The three-level reduction for acceptance of responsibility would lower the total offense level to 23. Combined with a criminal history category

of III, the applicable guideline range would be 57 to 71 months. But because the statute requires a minimum sentence of 120 months, 21 U.S.C. § 841(b), that would be the guideline sentence. USSG § 5G1.1(b).

Under the FSA, someone now charged with Coats's crime would face a mandatory minimum that is ten years less than—actually half of—the sentence imposed on Coats. In an effort to participate with those benefitting from the FSA's lower statutory mandatory minimum sentences and trim ten years from his prison sentence, Coats filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court ruled that it lacked authority to grant the motion because the original sentence was based on the 240-month statutory mandatory minimum sentence, not a crack cocaine guideline that had subsequently been lowered by the Sentencing Commission. Citing cases declining to apply the reduced statutory penalties of the FSA retroactively to prisoners like Coats who were convicted and sentenced before passage of the FSA, the court denied the § 3582(c)(2) motion. We have jurisdiction of this timely appeal under 18 U.S.C. § 3742.

## II. ANALYSIS

We normally review a district court's denial of a sentence reduction for an abuse of discretion. *United States v. McClain*, 691 F.3d 774, 776 (6th Cir. 2012). If the court determines that the defendant is not eligible for a sentence reduction, however, we conduct de novo review. *Id.* at 777.

After judgment is entered, a defendant's sentence may not be modified except as allowed by statute. *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013) (per curiam). The district court has statutory authority to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission." 18 U.S.C. § 3582(c)(2). The amended guideline a defendant seeks to have applied in his case must be one that the Sentencing Commission has incorporated into the policy statement applicable to sentencing reductions. USSG § 1B1.10; *Hammond*, 712 F.3d at 335. Any sentence reduction granted by the court must be consistent with § 1B1.10 and take into account the sentencing factors listed in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). "When modifying a sentence, a court should substitute only the retroactive amendment and then leave all original guidelines determinations in place." *Hammond*, 712 F.3d at 335 (citing *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011)).

In undertaking this analysis, we must first consider whether Coats's original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "To ask whether a particular term of imprisonment is 'based on' a Guidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment." *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment); *United States v. Thompson*, 714 F.3d 946, 950 (6th Cir. 2013). This inquiry requires us to consider "what the district court actually said and did at the original sentencing." *Thompson*, 714 F.3d at 950 (quoting *United States v. Hameed*, 614 F.3d 259, 264 (6th Cir. 2010)).

Although Coats's applicable guideline range under the crack cocaine guideline was 108 to 135 months of imprisonment, the district court was required to impose the statutory mandatory minimum sentence of 240 months. Because this statutory minimum was higher than the maximum of the guideline range, the statutory minimum became the guideline range by operation of USSG § 5G1.1(b). Coats's sentence was based on the statutory minimum sentence, not the crack cocaine guideline range. *See Freeman*, 131 S. Ct. at 2695; *Thompson*, 714 F.3d at 950. Because the

-4-

Sentencing Commission's amendments to the crack cocaine guidelines have no effect on statutory minimum sentences mandated by Congress, Coats's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Coats is therefore ineligible for a sentence reduction, as the district court held.

Coats nevertheless urges us to apply the reduced statutory minimum penalties of the FSA, but our case law forecloses this approach. This court recently relied on *Dorsey v. United States*, 132 S. Ct. 2321 (2012), and previous cases decided by this court to hold that defendants who were convicted and sentenced before the effective date of the FSA may not take advantage of the reduced statutory minimum sentences established in the FSA. *See Hammond*, 712 F.3d at 336. This court wrote:

> In *Dorsey*, the Supreme Court stated that, "in federal sentencing *the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced.*" *Dorsey*, 132 S. Ct. at 2335 (emphasis added) (citing 18 U.S.C. § 3553(a)(4)(A)(ii) and § 3582(c)). Moreover, we have rejected Hammond's *Dorsey* argument, *see United States v. Stanley*, 500 Fed. Appx. 407, 410, No. 11–4423, 2012 WL 4014932, at *3 (6th Cir. Sept. 13, 2012), and have confirmed, even in light of *Dorsey*, that the FSA is not retroactive to defendants like Hammond whose sentences were modified after the effective date of the FSA but who were originally sentenced before its effective date. *See United States v. Mundy*, 486 Fed. Appx. 598 (6th Cir. 2012); *United States v. Finley*, 487 Fed. Appx. 260, 265–67 (6th Cir. 2012); *see also United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).

*Id.* These prior cases bind us and compel the result we reach here.

Coats cites *United States v. Clark*, 110 F.3d 15 (6th Cir. 1997), but that case was decided under a prior version of USSG § 1B1.10 and is no longer authoritative law. *See United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009); *United States v. Mills*, 435 F. App'x 489, 493 (6th Cir. 2011). Coats quotes *Martin v. Hadix*, 527 U.S. 343, 352 (1999), that "[i]f there is no

congressional directive on the temporal reach of a statute, we determine whether the application of the statute to the conduct at issue would result in a retroactive effect." But this quotation must be considered in its proper context. The issue before the Supreme Court was whether the Prison Litigation Reform Act of 1995 applied to *pending* cases. *See id.* Coats also cites *Hamdan v. Rumsfeld*, 548 U.S. 557, 577 (2006), and *Hamm v. City of Rock Hill*, 379 U.S. 306, 313 (1964), but in both of those cases the Supreme Court was similarly concerned about whether to apply a statute to pending cases. Because Coats's sentence had long been final when Congress passed the FSA, his reliance on *Martin*, *Hamdan*, and *Hamm* is misplaced. The other Supreme Court cases Coats cites concerned civil or habeas matters, and we find them to be inapposite here, especially in light of the Supreme Court's recent guidance in *Dorsey*.

### III. CONCLUSION

As the district court correctly noted, the sentencing disparity addressed here is directly attributable to the policy decisions of Congress. The district court correctly determined that Coats is not eligible for a sentence reduction under § 3582(c)(2). Accordingly, we **AFFIRM**.