**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose A. LORA, Defendant–Appellant.**

No. 14–3177.

United States Court of Appeals,
Sixth Circuit.

April 23, 2015.

Before: GUY and DONALD, Circuit Judges; HOOD, District Judge.*

### ORDER

Jose A. Lora, a federal prisoner proceeding pro se, appeals the district court's order denying his motion for a sentence reduction filed under 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, a jury convicted Lora of conspiring to distribute and possessing with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846; unlawfully using a communications facility in committing a felony in violation of 21 U.S.C. § 843(B); and possessing with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).

After grouping the counts pursuant to USSG § 3D1.2(b), the district court determined that Lora had a base offense level of 36 under USSG § 2D1.1(c)(2) and a criminal history category of I. After increasing the base-offense level by two under USSG § 3B1.1(c) for Lora's role in the drug conspiracy, Lora's offense level was adjusted to a total offense level of 38. With a total offense level of 38 and a criminal history category of I, Lora's

guideline range was 235 to 293 months in prison. The district court sentenced Lora to a total of 288 months' imprisonment. The district court's judgment was affirmed on appeal, *United States v. Lora*, No. 98–4354, 2000 WL 353742 (6th Cir. Mar. 29, 2000), and Lora's attempts at post-conviction relief were unsuccessful.

In this § 3582(c)(2) motion, Lora argues that he is eligible for a reduction in his sentence based on Amendment 591 to the United States Sentencing Guidelines.

We review for an abuse of discretion a district court's order denying a § 3582(c)(2) sentence reduction. *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir.2013).

"[A] defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission" may seek a sentence reduction. 18 U.S.C. § 3582(c)(2). However, a sentence reduction "is not authorized under" § 3582(c)(2) where an amendment to the sentencing guidelines "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B).

Amendment 591 modified USSG §§ 1B1.1(a), 1B1.2(a), and 2D1.2, and provided that the enhanced penalties of USSG § 2D1.2 do not apply where, although the defendant engaged in conduct described in § 2D1.2, the defendant was not in fact convicted of an offense referenced by § 2D1.2. *See* USSG App. C, p. 32 (Supp. 2000). The amendment also clarified that a sentencing court should apply the guideline listed in the Statutory Index, USSG Appendix A, as appropriate for the offense

---

\* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

of conviction, not a guideline which might be applicable to other relevant conduct that was not the subject of the offense of conviction. Amendment 591 was given retroactive effect under § 1B1.10.

The district court correctly denied Lora's motion because Amendment 591 does not lower his guideline range. The presentence report demonstrates that the district court sentenced Lora under § 2D1.1, just as the district court would have been required to do if Amendment 591 already had been in place. *See* USSG App. A (specifying § 2D1.1 as the offense guideline for violations of §§ 841(a), (b)(1), and 846).

Accordingly, we affirm the district court's order.