*502 BEAM, Circuit Judge,
concurring m the judgment.
I agree with the final result reached by the court. However, the court fails to cite applicable Supreme Court precedent. Dillon v. United States, 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010), sets forth the two-step process a district court shall follow'when considering a sentence-reduction motion pursuant to § 3582(c)(2). At step one, § 3582(c)(2) requires the court to determine the prisoner’s eligibility for a sentence modification and the extent of the reduction authorized. Dillon, 560 U.S. at 827, 130 S.Ct. 2683. If the defendant is eligible, the district court must analyze the § 3553(a) factors and use its discretion to decide whether to allow the reduction. Dillon, 560 U.S. at 827, 130 S.Ct. 2683. I believe that even though this case ultimately turns on the Freeman analysis, the two-step rubric of Dillon and § 3582 nonetheless sets forth the framework to be used in sentence reduction cases such as this, even when a Rule 11(c)(1)(C) agreement is involved. Several of our sister circuits agree. E.g., United States v. Leonard, 844 F.3d 102, 106-07 (2d Cir. 2016); United States v. Benitez, 822 F.3d 807, 810-12 (5th Cir. 2016) (per curiam); United States v. Thompson, 714 F.3d 946, 948-50 (6th Cir. 2013); see also United States v. Gordon, No. CR 98-71-3, 202 F.Supp.3d 81, 83, 2016 WL 4074123, at *2 (D. D.C. July 29, 2016) (unpublished) (“Here, the defendant fails to pass the first step of the Dillon test.... [because] defendant’s sentence of 276 months was imposed pursuant to a binding plea agreement with the government, under Fed. R. Crim. P. 11(e)(1)(C) (sic), and was not a sentence ’based on a sentencing range that has subsequently been lowered by the Sentencing Commission .... ’ 18 U.S.C. § 3582(c)(2).”). Because Renfrew's plea agreement, and not a Guidelines calculation, was the basis for her original sentence, she fails Dillon’s eligibility step. Accordingly, I concur only in the court’s judgment.