RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0205p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 16-6441

VIVIEN TROY COOK,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee of Chattanooga.
No. 1:04-cr-00036-5—Curtis L. Collier, District Judge.

Argued: August 3, 2017

Decided and Filed: September 1, 2017

Before: SILER, CLAY, and WHITE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Jonathan A. Moffatt, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Jonathan A. Moffatt, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant. Steven S. Neff, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

CLAY, Circuit Judge. Defendant Vivien Cook appeals from the order entered by the district court on September 13, 2016, denying Defendant's motion to reduce sentence filed

pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion because Defendant's original sentence was based on his status as a career offender pursuant to the United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1. According to the district court, Defendant was ineligible for a sentence reduction.

For the reasons that follow, we **AFFIRM** the district court's order denying Defendant's motion to reduce sentence.

## BACKGROUND

### A. Factual History

In September 2004, Defendant was indicted for a number of drug related counts. In 2005, Defendant pleaded guilty to conspiring to distribute at least five kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). The United States Probation Office prepared the presentence report and determined that Defendant was to be held accountable for conspiring to distribute at least twelve kilograms of cocaine hydrochloride, which set a base offense level of 32 under U.S.S.G. § 2D1.1(c)(4). Pursuant to U.S.S.G. § 4B1.1(a), Defendant was classified as a career offender with an enhanced offense level of 37 based on his prior felony convictions for controlled substances. Defendant's offense level was then reduced three levels for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), which brought Defendant's total offense level down to 34.

Defendant's criminal history category was enhanced to VI from a criminal history category of IV because he was considered a career offender, pursuant to U.S.S.G. § 4B1.1(b). Based on a total offense level of 34 and a criminal history category of VI, the guideline range for imprisonment according to the 2004 Sentencing Guidelines was 262 to 327 months. *See* § 4B1.1 (career offender). However, § 841(b)(1)(A) required imposition of a minimum term of life due to Defendant's prior felony controlled substance convictions and that became the applicable guideline under U.S.S.G. § 5G1.1(b). The government moved for a downward departure under 18 U.S.C. § 3553(e) based on Defendant's substantial assistance.

On December 12, 2005, the district court granted the government's downward departure motion and imposed a sentence of 211 months upon Defendant. The district court advised Defendant that pursuant to § 841(b)(1)(A), it was statutorily mandated to impose at a minimum a life sentence based on his prior convictions. The district court concluded that "but for the government's [substantial assistance] motion here [Defendant] would have been sentenced to life." (R. 356, Transcript of Sentencing Hearing, Page ID # 882.) The district court also noted that "absent the minimum life sentence," the Sentencing Guidelines range would have been 262 to 327 months' imprisonment based on an offense level of 34 and a criminal history category of VI. (*Id.*) The district court clarified that the reason Defendant had a criminal history category of VI was due to his career offender status as mandated by Chapter Four of the Sentencing Guidelines.

The district court then stated the following:

> The sentence that I impose here, I will grant on the record the government's motion and the sentence will reflect a downward departure from those guidelines even though as a technical matter the guidelines really are life. I'm going to depart downward from the 262 to 327 level.

(R. 356 at 882.) Defendant was sentenced to a term of imprisonment of 211 months.

## B. Procedural History

In 2015, Defendant moved for a sentence reduction under § 3582(c)(2) and Amendments 780, 782, and 788.[1] Defendant argued that the district court departed downward from a guideline range of life, and that this guideline range of life was lowered by Amendment 780. Therefore, he argued that his new guideline range should be the career offender guideline range of 262 to 327 months, and that the district court should depart downward from that lower range. On September 13, 2016, the district court denied his motion, stating that "Defendant's sentence was based on Defendant's status as a career offender, and thus Defendant is ineligible for the reduction." (R. 464, Order Denying Motion to Reduce Sentence.) Defendant then filed a timely notice of appeal.

---

[1]Amendments 780, 782, and 788 to the Sentencing Guidelines became effective in November 2014.

**DISCUSSION**

Defendant argues that the district court erred in denying his motion.  Defendant contends that he is eligible for a sentence reduction under Amendments 780, 782, and 788 and § 3582(c)(2) because: (1) he originally faced a guidelines sentence of life imprisonment, from which the district court departed downward to 211 months, and the original guideline range has subsequently been lowered by Amendments 780, 782, and 788; (2) he was not sentenced under the career offender guideline range of 262 to 327 months; and (3) Amendment 780 is applicable even though he received a sentence below the statutory mandatory minimum of life.

Specifically, Defendant contends that Amendment 782 reduced the base offense level of the drug quantity for which he was found to be responsible, and that this reduction lowers his original sentence guideline range from life to 262 to 327 months.  Because this reduction lowers his original guideline range to 262 to 327 months, Defendant argues that the district court would have departed downward to a sentence below 211 months since the 211 months' sentence he received was based on the mandatory minimum sentence of life, which he equates to 360 months.

For the reasons stated below, we disagree.

**A.  Standard of Review**

Normally, we review a district court's denial of a motion to modify a sentence under § 3582(c)(2) for abuse of discretion.  *See United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009).  However, where a district court concludes, as it did here, that it lacks the authority under § 3582(c)(2) to reduce a defendant's sentence, such a conclusion is a question of law that we review *de novo*.  *See United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010).

**B.  Relevant Legal Principles**

Under § 3582(c)(2), a defendant is eligible for a reduction in sentence if: (1) the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

At the first step of this test, the sentencing court must review "the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon v. United States*, 560 U.S. 817, 827 (2010). To satisfy the second requirement, "a guidelines amendment must 'have the effect of lowering the defendant's applicable guideline range.'" *United States v. Hameed*, 614 F.3d 259, 269 (6th Cir. 2010) (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

The "policy statement governing § 3582(c)(2) proceedings" is set forth in § 1B1.10. *Dillon*, 560 U.S. at 819. Section 1B1.10(d) lists the amendments identified by the Commission for retroactive application in a § 3582(c)(2) proceeding. *See* U.S.S.G. § 1B1.10(d). Amendment 782 is listed in subsection (d) and was made retroactive by Amendment 788; however, Amendment 780 is not listed in subsection (d) as being a retroactive amendment. *See* U.S.S.G. § 1B1.10(d). If an amendment is not listed in subsection (d), then "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(2)(A).

Amendment 780 revised § 1B1.10, which contained the policy statement that determines eligibility for § 3582(c)(2) relief. Amendment 780 states the following:

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

U.S.S.G. § 1B1.10(c).

Through Amendment 780, the Sentencing Commission recognized that defendants who provide substantial assistance to the government

> are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or statutory minimum. Applying this principle when the guideline range has been reduced and made available for retroactive application under

section 3582(c)(2) appropriately maintains this distinction and furthers the purposes of sentencing.

U.S.S.G. app. C, amend. 780 (Supp. 2016).

The comment to § 1B1.10 states: "[T]he court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10 cmt. 8. Thus Amendment 780 applies upon resentencing if a defendant is otherwise eligible for resentencing under 3582(c)(2) based on an applicable retroactive amendment. It is not an independent vehicle to obtain a reduction.

## C. Analysis

We must determine whether Defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission vis-a-vis a retroactive amendment. *See* 18 U.S.C. § 3582(c)(2). We find that Defendant was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Further, we find that Amendment 780, which Defendant relies on to support his argument that his guideline range should be lowered, is not applicable.

First and foremost, regardless of whether Amendment 782 or Amendment 780 reduces Defendant's base offense level under the drug quantity tables listed in Chapter Two of the Sentencing Guidelines, Chapter Four mandates that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." U.S.S.G. § 4B1.1(b). In other words, Defendant's "status as a career offender essentially trump[s] the range established under the [drug quantity] guidelines" in Chapter Two. *United States v. Thompson*, 714 F.3d 946, 950 (6th Cir. 2013).

"This Court has consistently held that a 'defendant convicted of [drug]-related charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on'" an amendment to the drug-quantity table. *United States v. Payton*, 617 F.3d 911, 914 (6th

Cir. 2010) (quoting *United States v. Bridgewater*, 606 F.3d 258, 260−61 (6th Cir. 2010) (quoting *United States v. Curry*, 606 F.3d 323 (6th Cir. 2010))).   Section 3582(c)(2) "only allows for modification where a defendant's sentence was 'based on a sentencing range that was subsequently lowered by the Sentencing Commission.'"   *Id.* at 914 (quoting *United States v. Perdue*, 572 F.3d 288, 292−293 (6th Cir. 2009)).

The district court found Defendant accountable for at least twelve kilograms of cocaine hydrochloride, which set his base offense level at 32 under § 2D1.1(c)(4).   Pursuant to § 4B1.1(a), Defendant was then classified as a career offender based on his prior felony convictions for controlled substances.  Due to Defendant's status as a career offender, his offense level was enhanced to 37.  *See* § 4B1.1(a).  The district court reduced Defendant's offense level by three levels for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), bringing the total offense level to 34.   Defendant's criminal history category was ultimately enhanced to VI because of his career offender status under § 4B1.1(b).  Thus, due to Defendant's status as a career offender, he had a total offense level of 34 and a criminal history category of VI.  The Guidelines range for an offense level of 34 and a criminal history category of VI at the time he was sentenced was 262 to 327 months' imprisonment.  *See* § 4B1.1.

The issue here is that Defendant's sentence under the drug offense guidelines—life, due to the mandatory minimum—was higher than the career offender guideline (262 to 327 months). Under U.S.S.G. § 5G1.1(b), if the mandatory minimum is higher than the guidelines range, the mandatory minimum becomes the guideline range.  Thus, Defendant is correct that prior to the district court's consideration of the government's substantial assistance motion, the mandatory minimum was his Guidelines range.  However, the issue of whether he was sentenced pursuant to the mandatory minimum or the career offender guideline range is inconsequential to the outcome in this case because both the mandatory minimum and career offender guideline ranges have not changed since Defendant was sentenced in 2005.   The mandatory minimum life sentence still controls under the guidelines, subject to the government's § 3553(e) substantial assistance motion.  Relieved of the mandatory minimum, the operative guideline at the original sentence was, and at a resentencing would be, the career offender guideline of 262 to 327 months.  The drug quantity changes to the Guidelines simply do not affect Defendant's sentence.

Contrary to Defendant's contention that the district court departed downward from the mandatory minimum, the record demonstrates that the district court departed downward from the career offender guideline range. Although his Guidelines range became the mandatory minimum under § 5G1.1(b), the district court based Defendant's sentence on his career offender status under § 4B1.1. "We look at what the district court said at sentencing in reviewing whether a sentence was based on a subsequently lowered guidelines range." *United States v. Hayes*, 591 F. App'x 506, 507 (6th Cir. 2015) (citing *United States v. Thompson*, 714 F.3d 946, 950 (6th Cir. 2013)). The district court's explanation at sentencing reflects that Defendant's sentence was based on § 4B1.1 because of his status as a career offender. The district court stated that "absent the minimum life sentence," the Guidelines range would be 262 to 327 months' imprisonment due to Defendant's status as a career offender. (R. 356 at 882.) The district court then stated that it was "going to depart downward from the 262 to 327 level," and sentenced Defendant to 211 months' imprisonment. (R. 356 at 882.) The record clearly indicates that Defendant was sentenced based on his status as a career offender pursuant to § 4B1.1 because the district court expressly stated that it was departing downward from the career offender guideline range of 262 to 327 months.

Although the district court referenced the statutorily mandated minimum sentence of life due to Defendant's prior convictions at the sentencing hearing, the district court declined to impose the statutory mandatory minimum of life. Instead, the district court chose to "depart downward from the 262 to 327 level." (R. 356 at 882.) The 262 to 327 months' range is obviously based on the career offender chapter of the Sentencing Guidelines, *see* § 4B1.1, due to Defendant's status as a career offender. Moreover, the district court held in its order denying the motion to reduce sentence that Defendant was sentenced pursuant to § 4B1.1 due to his "status as a career offender, . . . [and] [ ] is ineligible for a reduction." (R. 464 at 2812.)

Defendant argues that we should grant him relief because Amendment 782 reduces his Guidelines range based on the drug quantities that were involved in his case. This argument is unavailing because Defendant was not sentenced based on drug quantity guidelines. Rather, he was sentenced based on the career offender guidelines in § 4B1.1 due to his status as a career offender. As we have previously held, "[b]ecause the amendment in question has no effect on

the ultimate sentencing range imposed on [Defendant] under the career offender guidelines, the district court did not err in declining to grant his § 3582(c)(2) motion." *Thompson*, 714 F.3d at 950.

Defendant also contends that "Amendment 780 . . . lower[s] [his] guideline range from 'Life' to a career offender range." (App. R. 9, Opening Brief, at 19−20.) He asserts that "Amendment 780 appl[ies] to his case" because "he initially received a downward departure motion from the Government." (App. R. 9 at 9−10.) Defendant's reliance on Amendment 780 is misplaced because Amendment 780 does not in its own right lower a defendant's sentence.

Amendment 780 is utilized by courts to determine whether and to what extent a sentence reduction is authorized by a retroactive amendment when there is a substantial assistance motion at play. Amendment 780 was promulgated to clarify to the courts that defendants who provide substantial assistance "are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum. . . ." U.S.S.G. app. C, amend. 780 (Supp. 2016). The Sentencing Commission then explained that "[a]pplying this principle when the guideline range has been reduced and made available for retroactive application under section 3582(c)(2) appropriately maintains this distinction and furthers the purposes of sentencing." *Id*. Thus, Amendment 780 is not applicable to Defendant's case since his Guidelines range has not been reduced.

In this case, Defendant's Guidelines range of 262 to 327 months was not based upon a drug quantity; rather, it was based upon his status as a career offender. Our precedent clearly establishes that a defendant is not eligible for a sentence reduction when the defendant's initial sentence was based on his or her status as a career offender. *See, e.g.*, *Payton*, 617 F.3d at 914. Moreover, Defendant's Guidelines range has not been amended by the Sentencing Commission. Defendant's initial guideline range when he was sentenced in 2005 was 262 to 327 months' imprisonment due to his career offender status, and his current guideline range would be 262 to 327 months' imprisonment due to his career offender status. *See* U.S.S.G. § 4B1.1. Thus, Amendment 782 does not apply since there is no initial drug quantity guideline range to amend, and Amendment 780 does not itself lower Defendant's Guidelines range.

Therefore, we find that Defendant was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by Amendment 782 or Amendment 780 because Defendant was sentenced based on his status as a career offender.  Because Defendant has not satisfied the first prong of the test set forth in § 3582(c)(2), we find that the district court did not err in denying his motion.

## CONCLUSION

For the aforementioned reasons, we **AFFIRM** the district court's order denying Defendant's motion to reduce sentence.