NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0070n.06

No. 24-5530

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
February 5, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF |
| CHARLES MCMILLIN, | ) | KENTUCKY |
| Defendant-Appellant. | ) ) | REDACTED OPINION (See Appendix) |

Before: WHITE, READLER, and MATHIS, Circuit Judges.

PER CURIAM. Charles McMillin appeals the district court's order denying a sentence reduction under 18 U.S.C. § 3582(c)(2). ██████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████. As set forth below, we ████████████████████████ **AFFIRM** the district court's order.

In 2022, McMillin pleaded guilty to possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). His presentence report set forth a guidelines range of 77 to 96 months of imprisonment based on a total offense level of 21 and a criminal history category of VI. That criminal history category was established by a total criminal history score of 13, which included two points for committing the instant offense while under any criminal justice sentence. *See* U.S.S.G. § 4A1.1(d) (2021). Arguing that criminal history category VI substantially overrepresented the seriousness of his criminal history and the likelihood that he would commit other crimes, *see* U.S.S.G. § 4A1.3(b), p.s., McMillin moved for a downward departure of one

criminal history point, which would place him in criminal history category V rather than category VI.

At sentencing, the district court adopted the presentence report's guidelines calculation. The district court granted McMillin's motion for a downward departure, which resulted in a guidelines range of 70 to 87 months of imprisonment based on a total offense level of 21 and an adjusted criminal history category of V. Granting an additional departure, the district court sentenced McMillin to 37 months of imprisonment followed by three years of supervised release. McMillin did not appeal.

Two years later, the U.S. Sentencing Commission retroactively amended the guideline addressing a defendant's criminal history category, U.S.S.G. § 4A1.1, to add one criminal history point instead of two if the defendant committed the instant offense while under any criminal justice sentence and already has at least seven criminal history points. *See* U.S.S.G., App. C, Amend. 821, Pt. A; Amend. 825 (Nov. 1, 2023). The district court ordered the probation office to file a memorandum of recalculation addressing McMillin's eligibility for a reduced sentence under Amendment 821. According to the probation office's memorandum, applying Amendment 821 lowered McMillin's guidelines range from 77 to 96 months (total offense level 21 and criminal history category VI) to 70 to 87 months (total offense level 21 and criminal history category V). Pointing out that McMillin's 37-month sentence resulted from downward departures on two separate grounds, the district court declined to reduce his sentence further and denied a sentence reduction under § 3582(c)(2).

This timely appeal followed. McMillin argues that the district court's denial of a sentence reduction is procedurally and substantively unreasonable because the court failed to adequately explain how it considered the sentencing factors under 18 U.S.C. § 3553(a) and why those factors

did not support a sentence reduction. The government has waived applying the claims-processing rules of 18 U.S.C. § 3742(a) for the purposes of this appeal, rules that typically place allegations of procedural and substantive unreasonableness in § 3582(c)(2) appeals beyond the scope of our review. *See United States v. Bowers*, 615 F.3d 715, 727 (6th Cir. 2010). So we will "assume that the government's waiver authorizes us to review [McMillin's] sentence for procedural and substantive reasonableness under an abuse of discretion standard." *United States v. Begley*, No. 21-5760, 2023 WL 2991868, at *2 (6th Cir. Apr. 18, 2023).

"A district court may modify a defendant's sentence only as authorized by statute." *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010). Pursuant to § 3582(c)(2), when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The statute establishes a two-step approach: (1) the court must first determine whether the defendant is eligible for a sentence reduction, and (2) if the defendant is eligible, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 948-49 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

McMillin was eligible for a sentence reduction under § 3582(c)(2) because Amendment 821 lowered the applicable guidelines range in his case. But "[r]egardless of a defendant's eligibility for resentencing, the district court's decision to modify a sentence under § 3582(c)(2) is discretionary and, as such, is reviewed by this Court for abuse of discretion."

*United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010) (citation omitted). "An abuse of discretion occurs when the district court 'relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law.'" *United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021) (quoting *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020)).

McMillin argues that the district court's denial of a sentence reduction is procedurally unreasonable because it failed to explain its decision adequately. In sentence-modification proceedings, as at sentencing, the district court should "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020) (quoting *Chavez-Meza v. United States*, 585 U.S. 109, 113 (2018)). "However, the appropriateness of brevity or length, conciseness or detail in the court's explanation depends upon the circumstances, and the law leaves much, in this respect, to the judge's own professional judgment." *United States v. Johnson*, 26 F.4th 726, 734 (6th Cir. 2022) (cleaned up). "So, where a matter is conceptually simple and the record makes clear that the sentencing judge considered the evidence and arguments, a district court is not required to render an extensive decision." *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (cleaned up).

In denying a sentence reduction, the district court pointed out that McMillin's 37-month sentence resulted from downward departures on two separate grounds. The district court had granted McMillin's motion for a downward departure of one criminal history point, placing him in criminal history category V rather than category VI, on the basis that category VI overstated his criminal history. As the district court noted in its statement of reasons, McMillin had "already received a reduction in criminal history score and more importantly, received a sentence substantially lower than recommended by the guidelines." The district court concluded that a

further reduction "would not represent just punishment in this matter" and "would not reflect the seriousness of the offense of conviction." *See* 18 U.S.C. § 3553(a)(2)(A). The district court stated that, in denying a sentence reduction, it had considered the retroactive impact of Amendment 821, the policy statement set forth in USSG § 1B1.10, and the sentencing factors under § 3553(a), as well as the probation office's memorandum of recalculation and the parties' responses to that memorandum. The district court adequately explained its decision to deny McMillin a sentence reduction.



Here, the district court stated that it had considered the policy statement set forth in U.S.S.G. § 1B1.10 and reasonably determined that a further reduction was not warranted.

McMillin also challenges the substantive reasonableness of the district court's denial of a sentence reduction. A claim of substantive unreasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Incorporating his procedural arguments, McMillin argues that the district court's failure to provide an adequate explanation for denying a sentence reduction precludes us from determining whether it reasonably balanced the § 3553(a) factors. But the district court explained that McMillin's 37-month sentence resulted from downward departures on two separate grounds, including his criminal history category, and that a further reduction "would not represent just punishment in this matter" and "would not reflect the seriousness of the offense of conviction." *See* 18 U.S.C. § 3553(a)(2)(A). In light of "our highly deferential review of a district court's sentencing decisions," *Rayyan*, 885 F.3d at 442, we can discern no abuse of discretion in the district court's consideration of the § 3553(a) factors and its decision to deny a sentence reduction.

For these reasons, we **AFFIRM** the district court's order denying a sentence reduction.



APPENDIX

On February 5, 2025, the court filed this opinion under seal. On February 18, 2025, the court issued a redacted opinion. The date the opinion is deemed to have been filed remains February 5, 2025.