**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1449
_____

UNITED STATES OF AMERICA

v.

SHAKIRA MARTINEZ,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:17-cr-00047-004)
District Judge:  Honorable Stephanos Bibas[*]
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 17, 2025
_____

---

[*] The Honorable Stephanos Bibas, Circuit Judge for the
United States Court of Appeals for the Third Circuit, sitting
by designation pursuant to 28 U.S.C. § 291(b).

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, SCIRICA and
RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2025)


Mark E. Cedrone, Esq.
Saxton & Stump
123 S Broad Street
Suite 2800
Philadelphia, PA 19109

<u>Counsel for Appellant</u>

David C. Weiss
Jennifer K. Welsh
Jesse S. Wenger
Meredith C. Ruggles
Office of United States Attorney
1313 N Market Street
Hercules Building, Suite 400
Wilmington, DE 19801

<u>Counsel for Appellee</u>

———————————

OPINION OF THE COURT
———————————

CHAGARES, <u>Chief</u> <u>Judge</u>.

A jury in the District of Delaware convicted Shakira Martinez of numerous money laundering offenses related to her involvement in a drug trafficking operation run by her husband and co-defendant Omar Morales Colon. The District Court sentenced Martinez to 108 months of imprisonment. After the sentencing, the United States Sentencing Commission enacted a retroactive amendment to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") allowing certain offenders with no criminal history a two-point reduction in total offense level. Martinez argues that our general appellate authority under 28 U.S.C. § 2106 permits us to vacate her sentence and remand the matter for resentencing in light of the retroactive Guidelines amendment. We agree and hold that when a defendant is entitled to seek the benefit of a retroactive Guidelines provision by filing a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2), our Court may, in an exercise of its discretionary authority under § 2106, vacate the defendant's sentence and remand for resentencing in light of the retroactive amendment. Because granting relief in this case promotes judicial economy and serves the interest of justice, we will vacate Martinez's sentence and remand so that the District Court may resentence her in a manner consistent with the retroactive Guidelines amendment.

I.

In a second superseding indictment returned on August 7, 2018, a grand jury in the District of Delaware charged Martinez and Colon each with one count of conspiracy to conduct a transaction involving and intended to conceal the proceeds of a conspiracy to distribute controlled substances, in

3

violation of 18 U.S.C. § 1956(a)(1)(B)(i), one count of engaging in a transaction in property derived from unlawful activity and of a value greater than $10,000, in violation of 18 U.S.C. § 1957, and seven counts of conducting a transaction involving and intended to conceal the proceeds of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).[1] The grand jury also charged Martinez with three counts of structuring a transaction with a financial institution to avoid the reporting requirements established by 31 U.S.C. § 5313 and related regulations. After a twelve-day trial, a jury convicted Martinez and Colon of all counts charged. The evidence at trial established that Martinez had assisted in the laundering of over $900,000 in drug proceeds.

Sentencing occurred on February 23, 2023. The District Court determined that Martinez's total offense level was 30, that her criminal history score under U.S.S.G. § 4A1.2 was zero, and that her criminal history category under U.S.S.G. § 4A1.1 was I. Martinez's recommended sentencing range under the Guidelines was therefore 97 to 121 months of imprisonment. Martinez requested that the court grant a downward variance in light of an expert's finding that she suffered from several psychological disorders that may have influenced her participation in Colon's trafficking activities. The court declined to grant a downward variance and sentenced Martinez to 108 months of imprisonment.

---

[1] In the same indictment, the grand jury also charged Colon with several drug trafficking offenses. The District Court severed the drug trafficking charges from the money laundering charges for purposes of trial.

4

Martinez timely filed a notice of appeal on March 9, 2023. The Clerk consolidated Martinez's appeal with the two appeals taken by her co-defendant Colon. At the request of Colon and Martinez, the Court entered an order on May 30, 2023, staying the issuance of a briefing schedule until 90 days after trial transcripts became available to counsel. The Court issued a briefing schedule on October 26, 2023, which directed the appellants to file their opening briefs by November 27, 2023. Again at the appellants' request, the Court later modified the briefing schedule to allow the appellants until February 26, 2024, and then April 26, 2024, to file their opening briefs.

During this period of abeyance, the Sentencing Commission promulgated significant amendments to the Guidelines and designated two of them for retroactive application. See Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254, 28281 (May 3, 2023); Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Martinez filed her opening brief on April 26, 2024, asking us to vacate her sentence and remand so that she could receive the benefit of one of these retroactive provisions.

II.[2]

Section 4C1.1 of the Guidelines, which took effect on November 1, 2023, provides for a two-point reduction in the total offense level of a defendant who has "not receive[d] any criminal history points" and who meets certain other criteria.

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

U.S. Sent'g Guidelines Manual § 4C1.1(a)(1) (U.S. Sent'g Comm'n 2024). By an amendment to the Guidelines that also took effect on November 1, 2023, the Sentencing Commission authorized courts to apply § 4C1.1 retroactively. See 88 Fed. Reg. at 60535 (codified at U.S. Sent'g Guidelines Manual §§ 1B1.10(a)(1), (d) (U.S. Sent'g Comm'n 2024)). The Government acknowledges that Martinez may seek the benefit of § 4C1.1 by filing a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2). But the Government insists that a motion under § 3582(c)(2) is Martinez's only means of demonstrating her entitlement to the reduction afforded by § 4C1.1.

We disagree. Under the general appellate authority provided to us by 28 U.S.C. § 2106, we "may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before [us] for review, and may remand the cause and . . . require such further proceedings to be had as may be just under the circumstances." The text of § 2106 plainly authorizes us to vacate a sentence such as Martinez's and, if "just under the circumstances," to remand the matter for "further proceedings" such as resentencing. 28 U.S.C. § 2106; see also United States v. Gregg, 226 F.3d 253, 257 (3d Cir. 2000) (noting that a court must enforce a statute's plain meaning). Nothing in the statutory text suggests that the availability of relief under § 3582(c)(2) limits our ability to provide the same relief pursuant to our general appellate authority under § 2106.

We hold, therefore, that when a defendant such as Martinez is entitled to seek the benefit of a retroactive Guidelines provision by filing a motion under § 3582(c)(2), our Court may, on direct appeal, exercise its discretion under §

6

2106 to vacate the defendant's sentence and remand for resentencing in light of the retroactive Guidelines provision. We note that our holding regarding the scope of possible relief under § 2106 accords with that of the Court of Appeals for the Seventh Circuit. See United States v. Claybron, 88 F.4th 1226, 1231 (7th Cir. 2023); cf. United States v. Brewer, 520 F.3d 367, 374 (4th Cir. 2008) (concluding that a court "need not remand for resentencing" in light of a retroactive Guidelines amendment, given the availability of a motion under § 3582(c)(2)).

The Government suggests that this holding is inconsistent with our recognition in previous opinions that we may consider an amendment to the Guidelines only if it is "clarifying" rather than "substantive." United States v. Flemming, 617 F.3d 252, 267 (3d Cir. 2010) (quoting U.S. Sent'g Guidelines Manual § 1B1.11(b)(2) (U.S. Sent'g Comm'n 2003)); see also United States v. Spinello, 265 F.3d 150, 160 (3d Cir. 2001); United States v. Marmolejos, 140 F.3d 488, 490 (3d Cir. 1998). We see no such inconsistency. The Sentencing Commission has, to be sure, advised courts as a general matter to "use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S. Sent'g Guidelines Manual § 1B1.11(a) (U.S. Sent'g Comm'n 2024). But the Commission has also advised courts entertaining a request for a reduction in sentence to apply "the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines [that the Commission designated for retroactivity] had been in effect at the time the defendant was sentenced." Id. § 1B1.10(b)(1). In allowing remand for resentencing according to a retroactive amendment to the Guidelines, we do no more than heed the advice the Commission provided in U.S.S.G. § 1B1.10(b)(1).

We are also unmoved by the Government's contention that a remand under § 2106, unlike a motion for a reduction in sentence under § 3582(c)(2), would allow Martinez to receive plenary review of her sentence by the District Court. When, as here, a district court has not committed sentencing error[3] and the only basis for an adjustment in sentence is the retroactive application of a subsequent Guidelines amendment, we may instruct the district court that, on remand, the defendant's sentence is to be adjusted to no greater extent than it would be were the court applying U.S.S.G. § 1B1.10(b) when ruling on a motion under § 3582(c)(2). Such an instruction will ensure that, on remand just as on motion under § 3582(c)(2), a court "shall substitute only the [retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced" but otherwise leave "[a]ll other

---

[3] Martinez argues that the District Court committed procedural error by failing to consider meaningfully a forensic report stating that Martinez's participation in Colon's drug trafficking operation could be attributed in part to the fact that she suffers from several psychological disorders. Martinez forfeited this claim of procedural error by neglecting to bring it to the District Court's attention when her counsel was asked, after the court had pronounced the sentence, to note any item that the court might have "overlooked." Joint Appendix 1431; see United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). Our review is therefore for plain error. Flores-Mejia, 759 F.3d at 256. Because the record indicates that the District Court thoroughly considered the forensic report, we see no basis for concluding that the District Court committed procedural error, plain or otherwise, in its treatment of the report.

8

guideline application decisions . . . unaffected." U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.2 (U.S. Sent'g Comm'n 2024). Even a court subject to such an instruction may, however, account for nonretroactive changes to the Guidelines, as well as any other intervening changes to the law or the defendant's circumstances, when discharging its duty to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(2) (providing that "the court may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a)"); Concepcion v. United States, 597 U.S. 481, 498 n.6 (2022) (recognizing that, under the First Step Act, "[a] district court cannot . . . recalculate a movant's benchmark Guidelines in any way other than to reflect the retroactive application" of the relevant provisions, but "may . . . consider postsentencing conduct or nonretroactive changes in selecting or rejecting an appropriate sentence"); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(i), (iii) (U.S. Sent'g Comm'n 2024); Claybron, 88 F.4th at 1231.

Our authority under § 2106 to vacate a sentence and order a remand is discretionary. See 28 U.S.C. § 2106 (providing that a "court of appellate jurisdiction may . . . vacate [a sentence] . . . and may remand the cause" (emphases added)). Vacating Martinez's sentence and ordering a remand serves the interest of justice in this case by ensuring that she is sentenced expeditiously under the Guidelines applicable to her. And granting this relief promotes "judicial efficiency" by eliminating "the necessity of . . . a motion pursuant to 18 U.S.C. § 3582(c)." United States v. Ralston, 110 F.4th 909, 924 (6th Cir. 2024) (quotation marks omitted) (quoting United States v. Jackson, 678 F.3d 442, 446 (6th Cir. 2012)); see also United States v. Marcello, 13 F.3d 752, 756 n.3 (3d Cir. 1994) (seeing

"no need to force [the defendant] to take th[e] additional step" of filing a motion under § 3582(c)(2) when the defendant sought the benefit of a retroactive Guidelines amendment on direct appeal), superseded on other grounds by U.S. Sent'g Guidelines Manual § 5K2.20 (U.S. Sent'g Comm'n 2000), as recognized in Spinello, 265 F.3d at 160; United States v. Jones, 567 F.3d 712, 719 (D.C. Cir. 2009) (observing that remand for resentencing promotes "administrative efficiency" because it "save[s] the defendant the 'additional step' of petitioning the district court for a sentencing modification." (quoting United States v. Wales, 977 F.2d 1323, 1328 n.3 (9th Cir. 1992))). We therefore exercise our discretion to vacate Martinez's sentence and remand the matter for resentencing.

III.

For the foregoing reasons, we will vacate Martinez's sentence and remand with instructions that she be resentenced in a manner consistent with U.S.S.G. § 4C1.1 and U.S.S.G. § 1B1.10(b).