**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2044
_____

UNITED STATES OF AMERICA

v.

HARRY MILLER,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3:23-cr-00016-001)
District Judge: Honorable Stephanie L. Haines
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 7, 2025

Before: KRAUSE, MATEY, and PHIPPS, *Circuit Judges*

(Filed: November 5, 2025)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

KRAUSE, *Circuit Judge*.

Harry Miller appeals, asking us to vacate his sentence and remand for resentencing.  Miller, however, waived his right to appeal as part of his plea bargain. Because this appeal breaches that agreement, we will enforce the appellate waiver and affirm the District Court's judgment.[1]

Miller pleaded guilty to a series of firearms offenses in October 2023, and the 2023 U.S. Sentencing Guidelines took effect soon after.  Included in those updated Guidelines was Amendment 821, which may be applied retroactively and, if applicable, may have reduced Miller's criminal history score by two points.  *See* U.S.S.G. App. C, Amend. 821 (effective Nov. 1, 2023).  Nonetheless, when the District Court sentenced Miller in May 2024, it elected to apply the 2021 Guidelines to avoid *ex post facto* concerns, as the 2023 Guidelines increased penalties for firearms offenses.[2]  *See* U.S.S.G. § 2K2.1(b)(5) (2023).  Miller agreed to application of the 2021 Guidelines at sentencing, but now he contends that Amendment 821 should apply to him and that this Court,

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.  We review the "validity and scope of an appellate waiver . . . de novo."  *United States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013).  Miller bears the burden of demonstrating that the waiver does not apply.  *See United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001).

[2] Mixing and matching provisions from different versions of the Guidelines is not permitted, because the "Guidelines Manual in effect on a particular date shall be applied in its entirety.  The court shall not apply, for example, one guideline section from one edition of the Guidelines Manual and another guideline section from a different edition of the Guidelines Manual.  However, if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are *clarifying rather than substantive changes*."  U.S.S.G. § 1B1.11(b)(2) (emphasis added).

notwithstanding his appellate waiver, should vacate and remand for resentencing under 28 U.S.C. § 2106.[3]  In the alternative, Miller argues that, to the extent his waiver bars this appeal, it was not knowing and voluntary.  Neither argument is persuasive.

Miller argues that we should exercise our authority under 28 U.S.C. § 2106, which empowers us to "modify, vacate, set aside, or reverse any judgment 'lawfully brought before [us]' for review," and remand for the District Court to apply Amendment 821. *United States v. Erwin*, 765 F.3d 219, 235 (3d Cir. 2014) (alteration in original) (quoting 28 U.S.C. § 2106).  True, as this Court held in *United States v. Martinez*, we may invoke § 2106 "when a defendant is entitled to seek the benefit of a retroactive Guidelines provision" under § 3582(c)(2).  137 F.4th 858, 859 (3d Cir. 2025).  But *Martinez* involved a markedly different scenario because the defendant there had not agreed to an appellate waiver.  As a result, in *Martinez*, we vacated the defendant's sentence and remanded for the district court to apply a retroactive Guideline—that is, one that had only become effective *during* the appeal.  *See id.* at 860, 862.  In contrast, Miller asks us to both ignore his breach of the plea agreement's appellate waiver, and to vacate and remand in light of a provision that was already effective at the time of sentencing— notwithstanding the fact that Miller agreed not to have that provision apply in his Guidelines calculation.  We decline to do so.[4]

---

[3] After Miller appealed, he also filed a motion under 18 U.S.C. § 3582(c)(2), asking the District Court to revisit his sentence in light of the revised Guideline.  The District Court, lacking jurisdiction while the case is on appeal, has not acted on that motion, and we express no opinion on its merits.

[4] Invoking 28 U.S.C. § 2106 here would only serve to benefit the breaching party. Although we have previously invoked § 2106 despite the presence of a valid appellate

Miller asserts that the waiver does not preclude this appeal, as it does not bar a § 3582(c)(2) motion. But the present appeal is not a § 3582(c)(2) motion, nor is it an appeal from one.[5] And while Miller asks that we invoke § 2106 to direct § 3582(c)(2) relief on remand, that argument also does not transform this direct appeal into an appeal of a § 3582(c)(2) motion. In short, we have before us a direct appeal from Miller's sentence, falling squarely within the plain language of the plea agreement, under which Miller "waive[d] the right to take a direct appeal from [his] conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742," subject to exceptions he admits are inapplicable. App. 61; *see also Erwin*, 765 F.3d at 229.

In the alternative, Miller argues that his waiver was not knowing and voluntary because the District Court did "not adequately advise[]" him that the waiver barred a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2). Opening Br. 13. But that argument is likewise irrelevant, as Miller brought a direct appeal, not an appeal from the denial of a § 3582(c)(2) motion. In any event, the District Court adhered to Federal Rule of Criminal Procedure 11 and reviewed the plea agreement aloud, confirming that Miller understood that he was "waiving [his] right to take a direct appeal from [his] conviction or sentence . . . ." App. 94. Accordingly, Miller's waiver of his right to bring this appeal was knowing and voluntary, and we will enforce it.

---

waiver, we did not exercise our power to remand in favor of the party that breached the plea agreement by appealing. *See United States v. Erwin*, 765 F.3d 219, 235-36 (3d Cir. 2014).

[5] We express no opinion on the appellate waiver's application to Miller's § 3582(c)(2) motion pending in the District Court.

4

\*     \*     \*

For the foregoing reasons, we will enforce the appellate waiver and affirm the District Court's judgment.